UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ARTURO GONZALEZ LOZANO,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. EDCV 16-2293-RGK(AJW)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION |

    In 1998, petitioner was convicted of numerous offenses, including kidnaping for robbery and robbery in an inhabited dwelling in Riverside County Superior Court case no. HEF-000802. Petitioner admitted suffering prior felony convictions. He was sentenced to state prison for a term of 35 years to life plus life with the possibility of parole. [Petition at 2].

    Petitioner previously filed two petitions for a writ of habeas corpus in this Court challenging his 1998 conviction. The first petition was denied on the merits. Case No. CV 00-10215-GAF(AN). Petitioner's requests for a certificate of appealability were denied by this Court and the Ninth Circuit. The second petition was dismissed as successive. Case No. EDCV 13-2206-GAF(AN).

Petitioner filed the current petition for a writ of habeas corpus on November 3, 2016. The petition again challenges petitioner's 1998 conviction. [Petition at 2-3].

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. See Magwood v. Patterson, 561 U.S. 320, 330-331 (2010); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003). Because petitioner has not obtained authorization from the Court of Appeals, this successive petition is dismissed for lack of jurisdiction.[1]

**It is so ordered.**

Dated: NOV 0 9 2016

R. Gary Klausner
United States District Judge

---

[1] Ninth Circuit Rule No. 22-3(a) provides that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Because the circumstances indicate that petitioner intentionally filed this action in this Court, not that he did so mistakenly, Rule 22-3(a) is inapplicable. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.